UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ELIZABETH L. COY,

Plaintiff,

v.

ASSET MARKETING SERVICES, INC.,

Defendant.

CIVIL NO. 02-244 (RHK/JMM)

**ORDER**

Plaintiff has filed a Complaint seeking relief under the federal equal employment opportunity laws. The matter is before the Court on Plaintiff's "Application to Proceed Without Prepayment of Fees" (Docket No. 2), in which Plaintiff seeks leave to proceed in this matter in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915(a).

Plaintiff's IFP Application shows that she is unemployed, but it also shows that she recently has received, and may still be receiving, certain "pensions, annuities, or life insurance payments." (IFP Application, § 3.c.) However, Plaintiff has not disclosed "each source of money and... the amount received and what [she] expect[s] [she] will continue to receive," as required by the final sentence of § 3 of the IFP application form. Because Plaintiff has not properly completed the IFP application form, the Court does not have sufficient information about Plaintiff's financial circumstances to determine whether she is financially eligible for IFP status. Plaintiff's present IFP Application will therefore be denied.

The Court recognizes, however, that Plaintiff may indeed qualify for IFP status, and she will therefore be given an opportunity to submit a new IFP Application form. Plaintiff must fill out the new form accurately and completely, and file it with the Court as an "Amended IFP Application." The Court will then determine whether Plaintiff is eligible for IFP status based on the information appearing in the Amended IFP Application form.

FILED JAN 28 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

The Court will also then consider whether Plaintiff's Complaint states a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2). In the alternative, of course, Plaintiff may pay the regular filing fee of $150.00.

If Plaintiff does not pay the regular filing fee or file an Amended IFP Application by February 25, 2002, she will be deemed to have abandoned this action, and it will be recommended that the action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's IFP Application (Docket No. 2) is **DENIED WITHOUT PREJUDICE**; and

2. Plaintiff shall pay the regular filing fee or file an Amended IFP Application, on or before February 25, 2002, failing which it will be recommended that the action be dismissed without prejudice.

Dated: January 28, 2002

JOHN M. MASON
United States Magistrate Judge