UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ELIZABETH COY,

Plaintiff,

v.

ASSET MARKETING SERVICES, INC.,

Defendant.

Civil File No. 02-244 (RHK/JMM)

REPORT AND RECOMMENDATION

This matter is before the undersigned United States Magistrate Judge on Plaintiff's Amended "Application To Proceed Without Prepayment Of Fees And Affidavit," (Docket No. 4), by which she is seeking permission to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Plaintiff's Amended IFP Application be denied, and that the action be dismissed without prejudice.

Plaintiff commenced this action on January 23, 2002, by filing a Complaint seeking relief for age discrimination and harassment, which allegedly occurred during the course of her employment with Defendant. (Docket No. 1.) Plaintiff did not tender the $150 filing fee (prescribed by 28 U.S.C. § 1914(a)) when she filed her Complaint; but she instead filed an application seeking leave to proceed IFP. (Docket No. 2.) Upon examining that original IFP application, the Court found that it had not been properly completed. The application indicated that Plaintiff had received, and perhaps still was receiving, some type of "pensions, annuities or life insurance payments." However, the application provided no other information about those payments.

FEB 28 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Because Plaintiff did not offer any information about the nature and extent of her pensions, annuities and/or life insurance payments, it was impossible to determine her true financial status, and whether she actually is financially eligible for IFP status. Therefore, by Order dated January 28, 2002, (Docket No. 3), Plaintiff's original IFP application was "denied without prejudice." The Order directed Plaintiff to either pay the normal $150 filing fee, or else file a properly completed IFP application, by no later than February 25, 2002. Plaintiff responded to that Order by filing the Amended IFP Application, (Docket No. 4), that is now before the Court.

Plaintiff's Amended IFP Application, like her first one, indicates that she has received, and may still be receiving, some money from "pensions, annuities or life insurance payments." Once again, however, Plaintiff has failed to provide any information about the amount of such payments, even though the Court's prior Order clearly explained that such information is necessary to determine whether she is financially eligible for IFP status. The Court finds that Plaintiff has made no effort to correct the error that caused her original IFP application to be denied.

Needless to say, Plaintiff's Amended IFP Application must be denied for the same reason that her original application was denied, namely because she still has not explained the type and amount of her pension, annuity and life insurance benefits. Plaintiff has now failed twice to show that she is financially eligible for IFP status, and the Court can find no reason to give her a third opportunity to meet that burden.

Because Plaintiff has failed to comply with the requirements of the Court's prior order, (i.e., she has not paid the $150 filing fee required by § 1914(a), and she has not filed a properly completed IFP application), it is recommended that Plaintiff's Amended IFP

Application be denied, and that this action be summarily dismissed. See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"). We recommend, however, that this action be dismissed without prejudice so that Plaintiff will not be barred from pursuing her claims in the future, in an entirely new lawsuit. If Plaintiff ever elects to commence a new lawsuit, she will, of course, have to make sure that her Complaint is accompanied by the full $150 filing fee or a properly completed IFP application.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Amended Application to Proceed Without Prepayment of Fees, (Docket No. 4), be denied; and

2. This action be dismissed without prejudice.

Dated: February 28, 2002

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before March 15, 2002, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.